AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| | ) | 1:20-mj-0377 |
| | ) | |
| George Sisk | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 26, 2020__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | Interference with Commerce by Robbery |
| 18 U.S.C. § 924(c) | Discharging a Firearm in Furtherance of a Crime of Violence |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

Leonard Rothermich
*Complainant's signature*

Leonard P. Rotherich, SA, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone__ *(reliable electronic means)*

Date: 04/16/2020

City and state: Indianapolis, IN

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANTS

I, LEONARD P. ROTHERMICH, being duly sworn according to law, depose and state as follows:

### I. INTRODUCTION

1. I am and have been employed as a Special Agent with the Federal Bureau of Investigation ["FBI"] since November of 2014. Prior to that time, I spent 22 weeks training to be a Special Agent at the FBI Academy in Quantico, Virginia beginning on June 15, 2014. Through the FBI, I have received extensive training related to the investigation of federal crimes to include violent crime and firearms offenses. Prior to this, I spent five years on active duty in the United States Army as an officer in the Military Police Corps. I am currently assigned to the FBI Violent Crime Task Force ["FBI VCTF"] in the Indianapolis Field Office of the FBI. In this assignment, I investigate all manner of violent crime, to include armed robberies, narcotic investigations, and firearm related offenses.

2. This affidavit is submitted in support of an application for a Warrant for the Arrest of George Sisk ["SISK"], black male, date of birth ["DOB"] XX-XX-1977, social security account number ["SSAN"] XXX-XX-9408. Based on my training and experience, and based on the facts below, there is probable cause to believe that the SISK committed the following:

   a. An armed robbery of the Community Spirits liquor store, located at 2862 Dr. Martin Luther King Jr. Street, Indianapolis, Indiana, on March 26, 2020. Your Affiant knows that this business is a retail store that sells goods produced and transported in interstate commerce. Your Affiant alleges this commercial robbery to be in violation of Title 18 United States Code, Section 1951(a).

    b. On March 26, 2020, SISK was found to be in unlawful possession of a silver colored .38 Special Garate-Anitua revolver, bearing serial number 37428. Your Affiant knows that SISK was a prior convicted felon as of September 29, 2010 under Marion County (Indiana) Superior Court cause number 49G20-1004-PC-026999. The underlying conviction was for Dealing a Narcotic Drug, in violation of Indiana State Code 35-48-1(a)(1).

        i. Title 18, United States Code, Section 1951(a) states: Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

        ii. Title 18, United States Code, Section 924(c) states: Any person, who discharges a firearm during a crime of violence, in furtherance of such a crime, shall, in addition to the punishment provided for such a crime of violence, be sentenced to a term of imprisonment not less than 10 years.

        iii. Title 19, United States Code, Section 922(g)(1) states: It shall be unlawful for any person, who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, be sentenced to a term of imprisonment not more than 10 years.

3. The statements contained in this affidavit are based in part on information provided by, and conversations held with, Special Agents and Task Force Officers ["TFOs"] of the FBI; detectives and patrol officers of the Indianapolis Metropolitan Police Department ["IMPD"]; and on my experience and background as a Special Agent of the FBI.

4. I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that are believed to be necessary to establish the required foundation for this issuance of the requested Warrant for Arrest.

## II. BACKGROUND OF THE INVESTIGATION

5. On March 26, 2020, at approximately 9:15 pm, SISK entered the Community Spirits liquor store, located at 2862 Dr. Martin Luther King Jr. Street, Indianapolis, Indiana. SISK wore a black winter knit hat, a tan jacket with a black collar and with distinct patches and labels on its chest and sleeves, a white colored shirt worn underneath the jacket with red writing across the chest, blue jeans, and white tennis shoes. The specific location of this Community Spirits liquor store chain had a single check-out counter along one side of the store with plexiglass separating the employees from the customers. Transactions were made through a microphone and a revolving window next to the cash register. A door next to the check-out counter allowed access from the check-out area of the store and the backroom where the employees would often work. This Community Spirits location also had a walk-in cooler stocked with various alcoholic products for sale.

6. Moments after SISK entered the business and began to walk past the check-out counter, multiple employees behind the protected glass recognized him from earlier that day. Specifically, they had witnessed who they believed to be the same male attempt to shoplift items. The business' protocol during this type of situation was to press a button next to their side of the

check-out counter, which would automatically lock the entrance doors. This action would then prohibit any persons from entering or exiting from the Community Spirits. However, SISK had managed to exit during his first visit that day before they could press the button. Upon recognizing SISK from that first incident, a male employee ["VICTIM 1"] successfully pressed the button that initiated the locking mechanism. He then called 911 to report that the person who had attempted to steal from them had returned.

7. Appearing to be unaware that the doors were now locked or that he had been recognized, SISK walked into the cooler and exited several moments later. Based on your Affiant's review of the Community Spirits' video from its internal security camera system, which recorded the incident, it appeared that SISK was attempting to conceal something underneath his tan jacket as he approached the exit doors. After realizing that they were now locked, SISK ran into the backroom where the employees were located behind the check-out counter. As he entered, he demanded that they "pop the lock", so that he could leave the store. He then witnessed VICTIM 1 on the phone and brandished a silver colored revolver. VICTIM 1 immediately saw the firearm as SISK stood before him and raised his hands to show compliance with his demands. However, SISK shot him in the leg as he continued to order that the doors be opened. VICTIM 1 quickly hobbled to the counter and pressed the button, while screaming "It's popped! It's popped!" SISK turned to leave, however he pointed the gun back at VICTIM 1. He then fired a second shot at him from approximately six feet away. SISK then walked out of the Community Spirits with an unpaid for bottle of Patron brand tequila in his hand.

8. The second shot missed VICTIM 1. He continued to provide a description of the male who had just robbed them. The 911 dispatcher provided this description and the report of the shots fired at the Community Spirits to patrol officers with the IMPD. Several officers

arrived at the store and confirmed the incident and the shooter's description. Shortly thereafter, nearby officers located a male matching his description walking away from the direction of the store in the vicinity of 955 West 30th Street, Indianapolis, Indiana. They confirmed his identity to be SISK. SISK provided the address of his home of residence as 1025 West 30th Street. However, at the time of this stop, the IMPD had not received access yet to review the Community Spirits' video surveillance of the incident. The officers ultimately took photos of SISK and released him.

9. Responding IMPD detectives eventually received a screenshot taken of the assailant during the commission of the robbery and shooting from inside of the Community Spirits. Detectives then received the images from the officers, who had photographed SISK that night. Detectives immediately recognized SISK to be shooter.

10. The Marion County (Indiana) Superior Court authorized a warrant to search the residence of 1025 West 30th Street, Indianapolis, Indiana, for items related to the above described incident. Upon IMPD's arrival, SISK answered the door wearing the same blue jeans, white t-shirt with red writing across the chest, and white tennis shoes as he had worn while inside of the Community Spirits earlier that night. Officers detained him for questioning and initiated the search.

11. The IMPD located multiple items of evidence in SISK's designated bedroom. During the search of it, they located the tan jacket that had the black collar and distinct patches on the chest and sleeves. The jacket was lying on top of the bed. They also located a silver colored .38 Special Garate-Anitua revolver, bearing serial number 37428. The revolver had been hidden between the mattress and box springs. Officers opened the cylinder of the firearm and determined that it was short of being fully loaded by two rounds. Officers located two spent shell

casings that matched the brand and caliber found in the revolver in an ashtray that rested on top of a dresser. They also recovered what they believed to be the stolen bottle of Patron, which was on top of the room's TV stand.

12. The silver colored .38 Special Garate-Anitua revolver is a firearm as defined in Title 18 United States Code, Section 921 and was manufactured outside of the State of Indiana.

13. The IMPD arrested SISK that night for the robbery of the Community Spirits and the shooting of VICTIM 1.

14. On April 6, 2020, the IMPD Latent Print Unit identified SISK's fingerprint on the recovered .38 caliber revolver.

15. Your Affiant is aware of SISK sustaining the below felony level convictions prior to the date of March 26, 2020:

    a. Alteration of a Handgun Identifying Marks, MCSC cause number 49G03-9612-CF-200778

        i. Date of Sentence: October 31, 1997

    b. Dealing in a Narcotic Drug, MCSC cause number 49G20-0008-PC-133317

        i. Date of Sentence: March 22, 2002

    c. Dealing in a Narcotic Drug, MCSC cause number 49G20-1004-PC-026999

        i. Date of Sentence: September 29, 2010

16. All of these events transpired within the Southern District of Indiana.

## III. CONCLUSION

17. Based on the information detailed above, I believe that there is probable cause that SISK violated a single count of Title 18 United States Code, Sections 1951(a), 924(c), and 922(g)(1).

18. Accordingly, I respectfully request the Court to issue a criminal complaint and arrest warrants charging SISK with these offenses.

FURTHER YOUR AFFIANT SAITH NOT

*Leonard Rothermich*
Leonard P. Rothermich
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), by reliable electronic means.

Dated: 04/16/2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana